## Karns et al. v. Cooley et al.

*J. Pennington Straus* and *Alvin L. Little*, for plaintiffs.

*Harpur Tobin, R. Merle Heffner* and *Ellis William Van Horn, Jr.*, for defendants.

WRIGHT, P. J., June 25, 1948.—We are here passing upon preliminary objections to a bill in equity. Plaintiffs aver that the members of Fort Piper Post No. 764, Veterans of Foreign Wars of Everett, unanimously approved a resolution surrendering the post charter, and that the charter and property of the post were thereafter returned to the proper authority; that they were the post officers at that time, and represent all former members of the post who were then in good standing; that defendants, with the approval of the

department adjutant, are now attempting to reorganize said post.

Plaintiffs ask for a restraining order on the theory that, while a new post could properly be established, the former post cannot be continued. By answer filed, defendants preliminarily object for the reasons that: (1) Under the act of Congress incorporating the Veterans of Foreign Wars of the United States, the corporation so created has unrestricted power to establish and regulate subordinate State subdivisions and local posts; (2) there is no equity in the bill.

Since the bill contains extensive averments about a prior legal proceeding involving amendments to the charter of the Veterans Club of Everett, we might point out that the real motivation for the present action is admittedly the fear that the reorganization of the old post, as opposed to the formation of a new post, may lay the groundwork for litigation by the post against the club. This is a doubtful proposition which we need not now consider. We are entirely clear, so far as the present proceeding is concerned, that plaintiffs have no standing in the equity court.

In the early case of Bixler et ux. v. Kunkle et al., 17 S. & R. 298, Justice John Tod, a former president judge of the Court of Common Pleas of Bedford County, said that: ". . . rules of equity have, by immemorial usage, become rules of property in our State."

Injunctions cannot be issued to allay mere fears and apprehensions, but are granted only where property rights are affected. In Annenberg v. Roberts et al., 333 Pa. 203, 217, Mr. Justice Stern has elucidated the general principle that equitable relief must be refused unless property rights are involved. In the present case, it is readily apparent that plaintiffs have asserted no property right. They have admittedly surrendered the post property and charter, and cannot in this proceeding be heard to object to the disposition made therewith.

*Decree*

Now, June 25, 1948, the preliminary objections are sustained. It is ordered adjudged, and decreed that the bill be dismissed at the cost of plaintiffs.